AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means   ☑ Original   ☐ Duplicate



CLERK'S OFFICE
A TRUE COPY
Dec 27, 2023
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
The Use of a Cell-Site Simulator to Identify the )   Case No. 23-M-557 (SCD)
Cellular Device Assigned Phone Number )
Used by )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   1-9-24   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Honorable Stephen C. Dries   .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for   30   days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: 12-27-23. 3:40 pm       *Stephen C. Dries*
                                              Judge's signature

City and state:    Milwaukee, WI              Honorable Stephen C. Dries, U.S. Magistrate Judge
                                              *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
*Executing officer's signature*

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
*Printed name and title*

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number , whose wireless provider is T-Mobile/Metro PCS.

## ATTACHMENT B

Pursuant to an investigation of Samuel Spencer for a violation of Title 18, United States Code, Section 1591, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Dec 27, 2023
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| In the Matter of the Search of | ) |
|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) Case No. 23-M-557 (SCD) |
| The Use of a Cell-Site Simulator to Identify the Cellular Device Assigned Phone Number Used by | ) ) ) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 3144 | Material Witness Warrant related to investigation of violations of 18 U.S.C. § 1591 |

The application is based on these facts:
See Attached Affidavit

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of 30 days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/ Laura S. Kwaterski
*Applicant's signature*

Laura S. Kwaterski, Assistant United States Attorney
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: 12-27-23

*Judge's signature* [Stephen C. Dries signature]

City and state: Milwaukee, WI — Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Kevin Bennett, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number             , (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Special Agent with the FBI and have been since February of 2023. As part of my duties as an FBI Special Agent, I am assigned to investigate violations of federal criminal law. I have received general and specialized training in conducting sex trafficking, forced labor trafficking, and human trafficking investigations. I have led and assisted on various sex trafficking investigations, interviewed victims and witnesses, used various investigative techniques, and prepared affidavits in support of applications for search warrants.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because the Target Cellular Device's owner is known to spend most of her time in this district and the telephone number area code associated with the Target Cellular Device corresponds to this district. Pursuant to Rule 41(b)(2), law

enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

5. On December 27, 2023, the Honorable Stephen C. Dries, Magistrate Judge for the Eastern District of Wisconsin found that a material witness warrant should be issued for and she is the subject of an arrest warrant issued on December 27, 2023. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting , who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

7. The United States, including FBI is conducting a criminal investigation of Samuel L. Spencer regarding possible violations of 18 U.S.C. §§ 1951, 1954(c) (sex trafficking by force, fraud or coercion and conspiracy to commit sex trafficking).

8. Spencer is charged in a five-count superseding indictment with co-defendant Ericka G. Buie. Counts One through Four charge Spencer with sex trafficking by force, fraud, or coercion in violation of Title 18, United States Code, Sections 1591(a)(1) and 1591(b)(1) with respect to four adult victims (AV-1 through AV-4, ); and Count Five charges Spencer and Buie with conspiracy to commit sex trafficking by force, fraud, or coercion in violation of Title 18, United States Code, Section 1594(c).

9.  ▬▬▬ first met Spencer in approximately 2013, and Spencer sold crack cocaine to ▬▬▬ at that time. They met again in approximately December of 2015 and began what ▬▬▬ believed to be a romantic relationship. Within one week of moving in with Spencer in late 2015, Linville began performing prostitution dates for Spencer's benefit. Spencer took photographs of ▬▬▬ and posted online advertisements for ▬▬▬ and required ▬▬▬ to walk the "track" soliciting customers for commercial sex dates. When ▬▬▬ told Spencer that she did not want to perform commercial sex dates, violated any of his rules, or complained about his treatment, Spencer used manipulation, threats, and physical violence to compel ▬▬▬ to perform commercial sex acts for his benefit and provide all of the money from the commercial sex acts to Spencer.

10. In this matter, ▬▬▬ met with law enforcement and prosecutors on multiple occasions in 2021 to be interviewed regarding the facts underlying this case. ▬▬▬ also testified before a grand jury sitting in the Eastern District of Wisconsin in January of 2022. ▬▬▬ was originally served with a subpoena to testify before the grand jury on December 14, 2021, however, ▬▬▬ failed to appear. In meetings in 2021 and 2022, ▬▬▬ indicated she was still in communication with Spencer's family and indicated that some of Spencer's family and associates know where she resides.

11. ▬▬▬ was served with a trial subpoena on December 8, 2023. At the time she was served, ▬▬▬ agreed to meet with case agents and prosecutors on December 15, 2023 to learn more about what the trial would involve and her role in it. In the following days, however, ▬▬▬ expressed that she would not participate in the jury trial and was concerned about her safety.

12. provided her cell phone number, (Target Cellular Device) to Your Affiant and for a period of time communicated with a FBI victim/witness specialist using the Target Cell Phone. On December 26, 2023, Your Affiant called and answered the call, however, once Your Affiant identified himself, went silent and hung up the phone. Your Affiant then texted regarding the dropped call, and then sent a text message to Your Affiant, from the Target Cell Phone, essentially in code, stating that she would rather text. Your Affiant then sent a text message back to at the Target Cellular Device regarding meeting with her today and did not respond.

13. T-Mobile/Metro PCS is the Service Provider for the Target Cellular Device.

## MANNER OF EXECUTION

14. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

15. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals

broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

16. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

17. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

18. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing

investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and [continue to] flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

19. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

20. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

_____
Kevin Bennett
Special Agent
FBI

Subscribed and sworn to ~~before~~ me by telephone
On: 12-27-23. 3:30 pm

_____
STEPHEN C. DRIES
United States Magistrate Judge

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number , whose wireless provider is T-Mobile/Metro PCS.

# ATTACHMENT B

Pursuant to an investigation of Samuel Spencer for a violation of Title 18, United States Code, Section 1591, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and
2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).